UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DON LEE BUCKNOR,

Plaintiff,

v.

COUNTY OF CONTRA COSTA, et al.,

Defendants.

Case No. 26-cv-08460-RFL

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; SCREENING CASE PURSUANT TO 28 U.S.C. § 1915; AND DISCHARGING ORDER TO SHOW CAUSE**

Don Lee Bucknor, who is proceeding without the benefit of counsel, filed a section 1983 complaint against Contra Costa County, District Attorney Diana Becton, and Deputy District Attorney Daniela Maldonado (the "County Defendants"). Bucknor also names as defendants the Hon. Leonard E. Marquez and the Hon. Peter Chang (the "State Court Defendants"). Finally, Bucknor names private citizens Mariyam Yonas Rufael and Yonas Rufael. Bucknor alleges that Defendants deprived him of custody over his minor child in violation of his constitutional rights.

This Court has an obligation to dismiss any claim it lacks jurisdiction over. Accordingly, the Court issued an order to show cause asking Bucknor to explain why this case should not be dismissed under the *Rooker-Feldman* doctrine, which prohibits federal courts from reviewing state court child custody determinations. (Dkt. No. 6.) Bucknor subsequently filed an amended complaint, which appears identical to his initial complaint and raises the same jurisdictional issues as those described in the Order to Show Cause. (Dkt. No. 9.)

Bucknor has also filed a motion to proceed *in forma pauperis*. (Dkt. No. 8.) This motion is **GRANTED**. Because Bucknor is proceeding *in forma pauperis*, this Court has an obligation to screen his amended complaint and determine whether it states a claim for which relief can be granted. 28 U.S.C. § 1915. The amended complaint as currently drafted runs afoul of the

*Rooker-Feldman* doctrine. Accordingly, it is **DISMISSED** without prejudice. Bucknor is granted leave to file a Second Amended Complaint correcting the deficiencies identified in this Order. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

***Subject Matter Jurisdiction.*** Federal district courts cannot hear appeals from state court judgments. *Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1146 (9th Cir. 2025). That means a plaintiff cannot complain the state court made a legal error and seek relief from its judgment in federal court on that basis. *Id.* at 1151. A plaintiff may, however, complain of wrongful conduct by *other* actors, which led to the state court order that allegedly harmed the plaintiff. *Id.* at 1158. For example, a federal court may hear claims that third parties "defrauded the state court into terminating the [plaintiff's] parental rights." *Id.* at 1151-52.

The operative complaint is an appeal from various state court orders, which cannot be heard in federal court. Bucknor asserts that the family court took jurisdiction over his daughter's case when the juvenile court should have had exclusive jurisdiction, that the family court wrongly denied him evidentiary hearings, and that the family court ignored pertinent recommendations of Child and Family Services. These are all complaints of injury caused by state court legal errors. The proper way to challenge them is through an appeal in state court, not a federal lawsuit.

If a plaintiff brings a de facto appeal in federal court, then any claims that are "inextricably intertwined" with the de facto appeal must also be dismissed. *Id.* at 1147-48. A claim for monetary relief is "inextricably intertwined" with a de facto appeal if it depends on a finding that the state court "wrongly decided the issues before it." *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). To the extent that Bucknor complains of actions beyond the allegedly erroneous state court orders, each of those claims is intertwined with his de facto appeal. Bucknor alleges that the County Defendants and the Rufaels wrongly characterized him as a threat to his daughter when the Rufaels posed the real threat. (*See, e.g.*, Dkt. No. 9 at 3, 24.) Such claims are contingent on a finding that the state court erred in placing Bucknor's daughter with Mariyam

Rufael rather than with him. *See Ramos*, 704 F.3d at 782. As such, these claims cannot be brought alongside a de facto appeal. *Id.* at 778.

***Leave to Amend.*** In his response to the Court's order to show cause, Bucknor acknowledged the jurisdictional problems with his complaint and expressed willingness to file a Second Amended Complaint that would challenge only "alleged misrepresentations and material omissions by adverse parties and officials in the state proceedings - rather than [] any ruling of the state court." (Dkt. No. 10.) To be jurisdictionally acceptable, such claims would need to not be brought alongside a claim for relief from the state court's orders on the grounds that they are legally erroneous. *Miroth*, 136 F.4th at 1147-48, 1156-57. Accordingly, Bucknor may further amend his complaint to remove any claims of legal error by the State Court Defendants and to clarify what misconduct he alleges by other defendants.

***Conclusion.*** Bucknor's motion to proceed *in forma pauperis* is **GRANTED**. The amended complaint is **DISMISSED** with leave to amend. Bucknor is cautioned that there may be other defects in his amended complaint besides the foundational jurisdictional issue identified in this Order. **The Second Amended Complaint must be filed by October 30, 2026.** Bucknor is advised that the Court cannot refer to prior pleadings to make an amended complaint complete. Any amended complaint must be complete in itself, including all claims and parties, because it replaces the previously filed complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Once Bucknor files a Second Amended Complaint, and assuming the Court is satisfied it has jurisdiction, it will issue a further screening order assessing whether Bucknor states a claim for relief as required under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

Dated: October 9, 2026

RITA F. LIN
United States District Judge